J-S09008-26

2026 PA Super 112

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES CARUSO | : | |
| | : | |
| | : | No. 1216 EDA 2025 |
| Appellant | | |

Appeal from the Judgment of Sentence Entered January 23, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002474-2023

BEFORE:    MURRAY, J., LANE, J., and STEVENS, P.J.E.[*]

CONCURRING OPINION BY LANE, J.:                    **FILED JUNE 1, 2026**

I agree with the Majority's determination that ***Commonwealth v.
Williams***, 341 A.3d 144 (Pa. Super. 2025), *appeal granted in part*, 352 A.3d
455 (Pa. 2026), is binding on this appeal, and accordingly no relief is due on
the issues raised by James Caruso ("Caruso").    Nevertheless, I write
separately to share my view, consistent with my dissent in ***Commonwealth
v. Sumpter***, 340 A.3d 977 (Pa. Super. 2025),[1] that neither ***New York State
Rifle & Pistol Ass'n v. Bruen***, 597 U.S. 1, nor ***United States v. Rahimi***,

---

[*] Former Justice specially assigned to the Superior Court.

[1] In ***Sumpter***, on March 16, 2026, the Pennsylvania Supreme Court held the
Commonwealth's petition for allowance of appeal pending disposition in
***Commonwealth v. Livingston***, 346 A.3d 750 (Pa. 2025) (granting
allowance of appeal). ***Livingston***, in turn, presented the question of "whether
18 Pa.C.S. § 6108 violates the Equal Protection Clause of the Fourteenth
Amendment to the United States Constitution and Article I, Sections 1 and 26
of the Pennsylvania Constitution as it relates to persons in Philadelphia." ***Id***.

602 U.S. 680 (2024), stands for the proposition that individuals enjoy an unfettered constitutional right to carry firearms without **any** form of licensing. Accordingly, I concur with the affirmance of Caruso's judgment of sentence.